UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BRICKLAYERS AND ALLIED :
CRAFTWORKERS LOCAL UNION NO. 1, : **MEMORANDUM AND ORDER**
B.A.C.I.U., AFL-CIO, : 17-CV-6816(DLI)(RER)
:
Petitioner, :
:
-against- :
:
HEAVY METAL CORP., d/b/a EAST COAST :
PRECAST & RIGGING, LLC, :
:
Respondent. :
-----------------------------------------------------------------x
**DORA L. IRIZARRY, Chief United States District Judge:**

Bricklayers and Allied Craftworkers Local Union No. 1, New York, B.A.C.I.U., AFL-CIO ("Petitioner" or "Local 1") filed the instant Petition against Heavy Metal Corp., doing business as East Coast Precast & Rigging, LLC ("Respondent" or "East Coast"), to confirm the May 11, 2017 arbitration award of the Stone Trade Board ("STB") with respect to grievance 2017-1, and compel arbitration of grievances 2017-2 and 2017-3. *See* Petition to Confirm an Arbitration Award and Compel Arbitration ("Petition"), Dkt. Entry No. 1, at ¶ 1. Respondent has neither appeared nor answered in this matter, but has been served and discussed settlement with Petitioner. *See* Petitioner's Apr. 2, 2018 Ltr. dated, Dkt. Entry No. 12, at 1. By letter dated April 2, 2018, Petitioner requests that the Court construe the Petition as an unopposed motion for summary judgment. *Id.* For the reasons set forth below, the Petition is deemed an unopposed summary judgment motion and it is granted in its entirety.

## BACKGROUND

The following facts are taken from the Petition and presumed to be true in the absence of a response from Respondent. On April 27, 2015, Jeremy Moses, President of East Coast, executed

a Collective Bargaining Agreement ("CBA") between Independent Contractors and Local 1 covering the period between July 1, 2012 through June 30, 2015 and thereafter. Petition at ¶ 9; Ex. A to Petition ("CBA"), Dkt. Entry No. 1-1.

The CBA requires East Coast to employ Local 1 for stone setting work covered under the CBA for projects within Local 1's jurisdiction. Petition at ¶ 10 (citing CBA at Arts. 7, 18). Article 3 of the CBA requires that unresolvable disputes between the employer and the union be submitted to the STB, which is comprised of three stone setting contractors selected by the employer and three persons selected by the union. *Id.* at ¶ 11 (citing CBA at Art. 11). The CBA grants the STB "'the power to render a decision determining the facts in dispute and to order the parties hereto to take such action as may be necessary to assure compliance therewith, including the determination and imposition of damages and fines.'" *Id.* at ¶ 12 (quoting CBA at Art. 11). Under the CBA, the STB's decisions "'shall be final and binding and conclusive with full rights of enforcement in any court of competent jurisdiction.'" *Id.* at ¶ 13 (quoting CBA at Art. 11). In the event the STB casts a tied vote, the CBA provides for submission of the dispute to the American Arbitration Association for the appointment of an arbitrator, whose decision would be "'final, binding and conclusive upon the parties with full rights of enforcement in any court of competent jurisdiction.'" *Id.* at ¶ 14 (quoting CBA at Art. 11).

1. **Grievance 2017-1**

Petitioner alleges that East Coast subcontracted only with Bétons Préfabriqués du Lac Inc. & BPDL USA Corp. ("BPDL") and not Local 1 for stone setting work covered by the CBA for two projects within Local 1's jurisdiction in Brooklyn, New York: 111 Murray Street and Brooklyn College William James Hall. *Id.* at ¶¶ 15-16. On November 30, 2016 and January 31, 2017, East Coast and Local 1 held grievance meetings regarding East Coast's alleged violation of the CBA

by failing to hire Local 1 for the two projects, but they were unable to reach a resolution. *Id.* at ¶¶ 17-19. On February 17, 2017, Local 1 notified East Coast by letter that it would be submitting the grievance to the STB. *Id.* at ¶ 20. After selection of the STB members who would hear the grievance, the STB members agreed to meet on May 11, 2017. *Id.* at ¶¶ 21-23. Following a presentation of evidence and the STB's questioning of the parties with respect to their positions regarding grievance 2017-1, the STB reached a unanimous 6-0 decision that East Coast had violated the CBA. *See Id.* at ¶¶ 24-26 (citing Ex. D to Petition ("STB Agenda"), Dkt. Entry No. 1-4; Ex. E to Petition (the "STB Award"), Dkt. Entry No. 1-5).

The STB issued its decision to the parties in written form on May 11, 2017, directing East Coast to pay Local 1 damages in the amount of $14,725.16, which includes $7,533.42 in lost wages ($2,316.10 for the 111 Murray Street project and $5,217.32 for the Brooklyn College project), $6,490.55 in lost fringe benefits ($1,955.48 for the 111 Murray Street project and $4,495.07 for the Brooklyn College project), and interest in the amount of $701.19. *Id.* at ¶¶ 27-28 (citing STB Award). On July 7, 2017, Local 1 sent a demand letter to East Coast requesting that it comply with the STB Award. *Id.* at ¶ 29 (citing Ex. F to Petition ("Demand Ltr."), Dkt. Entry No. 1-6). East Coast has not sought to vacate or modify the STB Award, and the time in which to do so has expired. *Id.* at ¶ 31. Petitioner asks the Court to order Respondent to confirm the STB Award.

### 2. Grievances 2017-2 and 2017-3

Petitioner alleges that East Coast subcontracted only with Tishman Construction Corp. ("Tishman") and not Local 1 for stone setting work covered by the CBA within Local 1's jurisdiction at 535 Carlton Avenue, Brooklyn, New York, and only with The Related Companies ("Related") and not Local 1 for stone setting work covered by the CBA within Local 1's jurisdiction at 70 Vestry Street, New York, New York. *Id.* at ¶¶ 36, 40. On April 21, 2017, Local

3

1 notified East Coast by letter of its grievances regarding East Coast's violation of the CBA by failing to hire Local 1 for the 535 Carlton Avenue and 70 Vestry Street projects. *Id.* at ¶¶ 38, 42. East Coast did not meet with Local 1 to adjust these grievances, and, on September 15, 2017, Local 1 notified East Coast that it would be submitting the grievances to the STB. *Id.* at ¶¶ 38-39, 42-43. As of the filing of the Petition, East Coast has failed to select its three members to serve on the STB and failed to otherwise participate in the adjustment of the grievances. *Id.* at ¶¶ 39, 43. Petitioner asks the Court to compel Respondent to participate in the adjustment of grievances 2017-2 and 2017-3. *Id.* at ¶ 47. For the reasons set forth below, the Petition is granted in its entirety.

## DISCUSSION

### I. Confirming an Arbitration Award

In the Second Circuit, district courts "treat an unanswered petition to confirm an arbitration proceeding as an unopposed motion for summary judgment, [because] a petition to confirm an arbitration award is typically accompanied by a record." *Trs. of Empire State Carpenters Annuity v. J. Careri Constr. Co.*, 2016 WL 492145, at *1 n.1 (E.D.N.Y. Jan. 5, 2016) (internal quotation marks omitted) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-110 (2d Cir. 2006)), *Report and Recommendation Adopted* (E.D.N.Y. Jan. 30, 2016). "Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). "[T]he court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" *Id.* (quoting 9 U.S.C. § 9). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's

decision can be inferred from the facts of the case.'" *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

Here, the Petition includes a record comprised of the CBA, the sign-in sheet and agenda of the STB's meeting regarding grievance 2017-1, and the STB's decision and award of damages to Petitioner for grievance 2017-1. Accordingly, the Court construes the Petition as an unopposed motion for summary judgment.

By a vote of six to zero, the STB found that "the BAC Local 1 CBA was violated." *See* STB Award (emphasis omitted). It also found that the violation resulted in damages in the amount of $14,725.16. *Id.* There is no indication that the STB Award was made arbitrarily, decided contrary to applicable law, or that the STB exceeded its authority as the arbitrator. Accordingly, the Court confirms the STB Award.

## II. Compelling Arbitration

The Federal Arbitration Act ("FAA") permits a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition any United States district court for an order compelling arbitration. *See* 9 U.S.C. § 4. Where a party seeks to compel arbitration under the FAA, "the role of courts is limited to determining two issues: i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed, neglected or refused to arbitrate." *Jacobs v. USA Track & Field*, 374 F.3d 85, 88 (2d Cir. 2004) (quoting *Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 120 (2d Cir. 2003)) (internal quotation marks omitted). Courts decide motions to compel arbitration using "a standard similar to that applicable for a motion for summary judgment," drawing all reasonable inferences in favor of the non-moving party and considering all relevant admissible evidence. *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (citations omitted).

Here, Respondent has not challenged the validity of the CBA, which includes an arbitration provision requiring that "[a]ll grievances or complaints which cannot be satisfactorily adjusted between the individual employer and the Union shall be submitted to a [STB]." *See* CBA at Art. 11. This unambiguous provision makes it clear that the parties agreed to arbitrate. *See, e.g.*, *Jemiri v. Pub. Serv. Enter. Grp. Corp.*, 2018 WL 1115152, at *3 (E.D.N.Y. Feb. 27, 2018) (granting motion to compel arbitration where there was no dispute over the existence of an unambiguous arbitration clause). Additionally, there is evidence that Respondent views the arbitration provision as valid. Respondent previously participated in the STB's arbitration of grievance 2017-1, which suggests to the Court that Respondent concedes the validity of the CBA and its arbitration clause. Accordingly, the Court finds that there is a valid agreement to arbitrate disputes under the CBA.

The Court also concludes that Respondent has refused to arbitrate. The Petition alleges that Petitioner notified Respondent of grievances 2017-2 and 2017-3 and Respondent refused to meet with Petitioner to adjust the grievances or select three STB members to arbitrate the grievances. *See* Petition at ¶¶ 38-39, 42-43. These refusals are sufficient to compel arbitration. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Chopper Exp., Inc.*, 2013 WL 3062533, at *1 (S.D.N.Y. June 19, 2013) (citing *LAIF X SPRL v. Axtel, S.A. de C.V.*, 390 F.3d 194, 198 (2d Cir. 2004)) ("[Respondent] has neither opposed, nor responded to, Petitioner's arbitration demand . . . , or the Petition in this case. Accordingly, Petitioner is entitled to an order . . . compelling arbitration . . . ."). Therefore, the Petition to compel arbitration of grievance numbers 2017-2 and 2017-3 is granted.[1]

---

[1] The Petition also includes a request for attorney's fees and costs. Petition at 11. The Court declines to rule on this request in the absence of a formal motion that includes contemporaneous records of the work performed and the applicable hourly billing rates. Petitioner is granted leave to make a motion to recover attorney's fees and costs within thirty days of this Memorandum and Order.

## CONCLUSION

For the reasons set forth above, the Petition is granted in its entirety. The STB Award is confirmed, and the Clerk of the Court is directed to enter judgment against Respondent in the amount of $14,725.16, plus prejudgment interest at the rate of 9% per annum from May 11, 2017 until the entry of judgment and post-judgment interest in accordance with 28 U.S.C. § 1961. The Court orders Respondent to participate in the grievance process, in accordance with the CBA, with respect to grievances 2017-2 and 2017-3.

SO ORDERED.

Dated: Brooklyn, New York
       June 8, 2018

/s/
DORA L. IRIZARRY
Chief Judge